FILED

03/29/2018

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
November 7, 2017 Session

## IN RE HALEY S. ET AL.

**Appeal from the Juvenile Court for Rutherford County**
**Nos. TC2277, TC2278     Donna Scott Davenport, Judge**

_____

**No. M2017-00214-COA-R3-PT**

_____

This appeal arises from a juvenile proceeding wherein the mother, Heather P. ("Mother") filed a petition to modify her visitation with her two children, Haley S. and Leila P. ("the Children"), who were eleven and four years old, respectively, at the time of trial. Haley's father, Michael S. ("Father"), remained incarcerated during the entire action. Leila's father was deceased prior to the commencement of this proceeding. The paternal grandparents of Leila, Leroy W. and Tammie W. ("Grandparents"), who had legal custody of both children, subsequently filed a counter-petition to terminate Mother's parental rights to the Children and Father's parental rights to Haley. The magistrate of the juvenile court entered a pre-trial order, stating, *inter alia*, that if Grandparents were successful in terminating the parents' rights, Mother's petition to modify visitation would be dismissed but that if Grandparents were not successful, Mother's petition would be scheduled for hearing. The magistrate's order further allowed Mother to amend her original petition to modify visitation. Following a bench trial regarding the termination action, the trial court granted Grandparents' petition to terminate the parents' parental rights to the Children. The trial court found by clear and convincing evidence that the conditions leading to the removal of the children from Mother's custody still persisted. The trial court further found that grounds existed regarding Father because he had abandoned Haley by failing to visit her and because he had failed to establish parentage. Mother appealed the trial court's decision.[1] Because no adjudicatory hearing order exists in the record finding the Children to be dependent, neglected, or abused, we reverse the ground of persistence of conditions as to Mother. We further determine that the trial court failed to make sufficient findings of fact to support its determination that statutory grounds for termination existed regarding Father. Therefore, we vacate the portion of the judgment terminating Father's parental rights and remand to the trial court for sufficient findings of fact and conclusions of law pursuant to Tennessee Code Annotated § 36-1-113(k) (2017).

---

[1] Father did not appeal the trial court's decision but is participating in this appeal as an appellee.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Juvenile Court Reversed in Part, Vacated in Part; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which RICHARD H. DINKINS and W. NEAL MCBRAYER, JJ., joined.

Whitney H. Raque, Murfreesboro, Tennessee, for the appellant, Heather P.

Carl R. Moore, Murfreesboro, Tennessee, for the appellee, Michael S.

J. Leo Richardson, III, Murfreesboro, Tennessee, for the appellees, Leroy W. and Tammie W.

**OPINION**

I.  Factual and Procedural Background

In May 2013, the trial court placed the Children into the custody of Grandparents. On November 14, 2013, the trial court entered an "Order for Disposition," establishing a transitory visitation schedule for Mother in preparation for the Children's return to the custody of Mother.  On June 13, 2014, the trial court entered an "Amended Final Disposition Order," finding that it was in the Children's best interest to remain in the custody of Grandparents and granting to Mother two, four-hour unsupervised visits with the Children per month to occur at Grandparents' home.[2]  In its amended dispositional hearing order, the trial court noted that an adjudicatory hearing had been conducted and a resultant order entered on October 24, 2013; however, that order is not contained within the record on appeal.  We further note that only the dispositional hearing orders concerning Leila appear in the record.

On November 3, 2015, Mother filed a petition to modify the visitation schedule established by the juvenile court, alleging that a change in circumstance existed warranting modification.  Subsequently, on January 7, 2016, Grandparents filed a counter-petition for termination of parental rights, requesting that Mother's parental rights to the Children be terminated and that Father's parental rights to Haley be terminated.  On August 25, 2016, Mother filed a motion requesting additional visitation with the Children, a continuance of the trial in the matter, and an amendment of her petition to modify the visitation schedule.  Following a hearing regarding Mother's motion, Magistrate Adam T. Dodd entered an interim order, which stated in pertinent part:

---

[2] We note that the dispositional order from the custody proceeding only lists Leila in the style of the order.  However, it is undisputed that this arrangement applied to visitation with both of the Children.

Based upon the argument of counsel and the entire record as a whole, this Honorable Court finds as follows:

1. That due to the Termination of Parental Rights trial taking place next week on September 22, 2016, this Court is of the opinion that this motion is not timely;

2. That the Termination of Parental Rights trial takes priority over the Mother's original Petition and shall be heard first. If Petitioner[s] are successful, the Mother's Petition is dismissed. If Petitioner[s] are not successful, then Mother's Petition shall be set for hearing; and

3. That Mother is granted leave to amend her Petition.

Following a subsequent bench trial regarding the termination petition, the trial court entered an order on December 27, 2016, finding clear and convincing evidence that grounds existed to terminate both Mother's and Father's parental rights to the Children. *See generally* Tenn. Code Ann. § 36-1-113(g) (providing grounds for termination of parental rights). The trial court terminated Mother's parental rights to the Children on the statutory ground that the conditions leading to the removal of the Children from her home still persisted. Regarding Father's parental rights to Haley, the trial court terminated Father's rights on the statutory grounds that Father had abandoned Haley by failing to visit her prior to his incarceration and that he had failed to establish parentage. The trial court determined that clear and convincing evidence did not exist to terminate Mother's parental rights on the grounds of abandonment for failure to support the Children, abandonment for failure to provide a suitable home for the Children, or substantial noncompliance with the permanency plan.[3] The trial court further found by clear and convincing evidence that termination of both Mother's and Father's parental rights was in the best interest of the Children.

The trial court's judgment did not address Mother's pending original petition to modify visitation or the statutory ground for termination that Father was incarcerated subject to a ten-year sentence that was imposed when Haley was under the age of eight. Mother subsequently filed a notice of appeal. Father has participated in the appeal as an appellee and raised additional issues regarding the termination of his parental rights to Haley.

---

[3] Grandparents have not raised the trial court's denial of these grounds as issues on appeal. We note that the only permanency plan in the record is a "Family Permanency Plan" entered into by Mother with the Tennessee Department of Children's Services on June 3, 2013, subsequent to Mother's signing an "Immediate Protection Agreement," allowing the Children to reside temporarily with Grandparents.

## II. Issues Presented

Mother raises two issues for our review, which we have restated as follows:

1. Whether the trial court erred in terminating Mother's parental rights to the Children by finding that the statutory ground of persistent conditions had been proven by clear and convincing evidence.

2. Whether the trial court erred by finding that termination of Mother's parental rights was in the best interest of the Children.

Father raises three additional issues for appellate review, which we have restated as follows:

3. Whether the trial court erred by finding that Father failed to establish parentage of Haley.

4. Whether the trial court erred by terminating Father's parental rights to Haley based on his incarceration subject to a sentence of ten or more years.

5. Whether the trial court erred by finding that termination of Father's parental rights was in the best interest of Haley.

## III. Standard of Review

In a termination of parental rights case, this Court has a duty to determine "whether the trial court's findings, made under a clear and convincing standard, are supported by a preponderance of the evidence." *In re F.R.R., III*, 193 S.W.3d 528, 530 (Tenn. 2006). The trial court's findings of fact are reviewed *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates against those findings. Tenn. R. App. P. 13(d); *see In re Carrington H.*, 483 S.W.3d 507, 524 (Tenn. 2016); *In re F.R.R., III*, 193 S.W.3d at 530. Questions of law, however, are reviewed *de novo* with no presumption of correctness. *See In re Carrington H.*, 483 S.W.3d at 524 (citing *In re M.L.P.*, 281 S.W.3d 393 (Tenn. 2009)). The trial court's determinations regarding witness credibility are entitled to great weight on appeal and shall not be disturbed absent clear and convincing evidence to the contrary. *See Jones v. Garrett,* 92 S.W.3d 835, 838 (Tenn. 2002).

"Parents have a fundamental constitutional interest in the care and custody of their children under both the United States and Tennessee constitutions." *Keisling v. Keisling*,

92 S.W.3d 374, 378 (Tenn. 2002). It is well established, however, that "this right is not absolute and parental rights may be terminated if there is clear and convincing evidence justifying such termination under the applicable statute." *In re Drinnon*, 776 S.W.2d 96, 97 (Tenn. Ct. App. 1988) (citing *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982)). As our Supreme Court has recently explained:

> The parental rights at stake are "far more precious than any property right." *Santosky*, 455 U.S. at 758-59. Termination of parental rights has the legal effect of reducing the parent to the role of a complete stranger and of ["]severing forever all legal rights and obligations of the parent or guardian of the child." Tenn. Code Ann. § 36-1-113(l)(1); *see also Santosky*, 455 U.S. at 759 (recognizing that a decison terminating parental rights is "*final* and irrevocable"). In light of the interests and consequences at stake, parents are constitutionally entitled to "fundamentally fair procedures" in termination proceedings. *Santosky*, 455 U.S. at 754; *see also Lassiter v. Dep't of Soc. Servs. of Durham Cnty, N.C.*, 452 U.S. 18, 27 (1981) (discussing the due process right of parents to fundamentally fair procedures).

> Among the constitutionally mandated "fundamentally fair procedures" is a heightened standard of proof—clear and convincing evidence. *Santosky*, 455 U.S. at 769. This standard minimizes the risk of unnecessary or erroneous governmental interference with fundamental parental rights. *Id.*; *In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010). "Clear and convincing evidence enables the fact-finder to form a firm belief or conviction regarding the truth of the facts, and eliminates any serious or substantial doubt about the correctness of these factual findings." *In re Bernard T.*, 319 S.W.3d at 596 (citations omitted). The clear-and-convincing-evidence standard ensures that the facts are established as highly probable, rather than as simply more probable than not. *In re Audrey S.*, 182 S.W.3d 838, 861 (Tenn. Ct. App. 2005); *In re M.A.R.*, 183 S.W.3d 652, 660 (Tenn. Ct. App. 2005).

> * * *

> In light of the heightened burden of proof in termination proceedings, however, the reviewing court must make its own determination as to whether the facts, either as found by the trial court or as supported by a preponderance of the evidence, amount to clear and convincing evidence of the elements necessary to terminate parental rights. *In re Bernard T.*, 319 S.W.3d at 596-97.

*In re Carrington H.*, 483 S.W.3d at 522-24. "[P]ersons seeking to terminate [parental] rights must prove all the elements of their case by clear and convincing evidence," including statutory grounds and the best interest of the child. *See In re Bernard T.*, 319 S.W.3d 586, 596 (Tenn. 2010).

## IV. Subject Matter Jurisdiction

As a threshold issue, we first address, *sua sponte*, whether a final order exists in this matter to confer jurisdiction on this Court. *See* Tenn. R. App. P. 3(a) ("[A]ny order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable . . . ."). It is well settled that without a final order adjudicating all claims in a proceeding, this Court does not have subject matter jurisdiction to review the trial court's judgment. *Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). Although our Supreme Court in *Bayberry* determined that there was "no bar to the suspension of Rule 3(a)," it held that "there must be a good reason for suspension." *Id.*

On November 3, 2015, Mother filed her original petition, requesting modification of her visitation schedule with the Children. Grandparents responded by filing a counter-petition, seeking to terminate Mother's and Father's parental rights to the Children. During this proceeding, the court ostensibly treated the Mother's original petition and Grandparents' counter-petition as a combined proceeding. Following a motion filed by Mother, the magistrate's September 21, 2016 order stated that Mother's original petition would be dismissed if Grandparents were successful regarding their counter-petition or, alternatively, that Mother's petition would be scheduled for a hearing if Grandparents were not successful. By the same order, the magistrate also granted Mother leave to amend her petition.

The instant order on appeal did not address the magistrate's prior order or Mother's pending petition for visitation, and the trial court did not certify the termination order as a final judgment pursuant to Tennessee Rule of Civil Procedure 54.02.[4] This

---

[4] Tennessee Rule of Civil Procedure 54.02 provides:

> When more than one claim for relief is present in an action, whether as a claim, counterclaim, cross-claim, or third party claim, or when multiple parties are involved, the Court, whether at law or in equity, may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or

Court has previously held that "[a] termination of parental rights proceeding is not simply a continuation of a dependent-neglect proceeding," reasoning that "[i]t is a new and separate proceeding involving different goals and remedies, different evidentiary standards, and different avenues for appeal." *In re M.J.B.*, 140 S.W.3d 643, 651 (Tenn. Ct. App. 2004). In this matter, the counter-petition filed by Grandparents, seeking to terminate Mother's and Father's parental rights to the Children, was not a continuation of the dependency and neglect proceeding but was a separate and distinct proceeding. Therefore, because the trial court resolved all issues regarding the termination of parental rights proceeding, the judgment in this matter is a final order sufficient to confer jurisdiction on this Court. Having determined that this Court has proper jurisdiction to review this matter, we will proceed to address the issues raised on appeal by the parties.

V. Grounds for Termination of Parental Rights

Tennessee Code Annotated § 36-1-113 (2017) lists the statutory grounds for termination of parental rights, providing in relevant part as follows:

(a) The chancery and circuit courts shall have concurrent jurisdiction with the juvenile court to terminate parental or guardianship rights to a child in a separate proceeding, or as a part of the adoption proceeding by utilizing any grounds for termination of parental or guardianship rights permitted in this part or in title 37, chapter 1, part 1 and title 37, chapter 2, part 4.

* * *

(c) Termination of parental or guardianship rights must be based upon:

(1) A finding by the court by clear and convincing evidence that the grounds for termination of parental or guardianship rights have been established; and

(2) That termination of the parent's or guardian's rights is in the best interests of the child.

The trial court determined that the evidence clearly and convincingly supported termination of Mother's parental rights based on the statutory ground of persistence of

parties, and the order or other form of decision is subject to revision at any time before the entry of the judgment adjudicating all the claims and the rights and liabilities of all the parties.

conditions leading to the Children's removal from Mother's home. The trial court further found that clear and convincing evidence existed supporting termination of Father's parental rights to Haley on the grounds that he had abandoned her by failing to visit her and that he had failed to establish parentage. Although alleged as an additional ground for termination of Father's parental rights in the petition, the trial court did not address whether Father was incarcerated subject to a ten-year sentence imposed when Haley was under the age of eight. We will address each of these grounds in turn.

### A. Termination of Mother's Parental Rights

Mother contends that the trial court erred by finding clear and convincing evidence to support the termination of her parental rights based on the statutory ground of persistence of conditions. Because the record contains no adjudicatory order finding the Children to be dependent, neglected, or abused, we agree with Mother on this issue.

Regarding the statutory ground of persistence of conditions, Tennessee Code Annotated § 36-1-113(g) (2017) provides:

> Initiation of termination of parental or guardianship rights may be based upon any of the grounds listed in this subsection (g). The following grounds are cumulative and non-exclusive, so that listing conditions, acts or omissions in one ground does not prevent them from coming within another ground:
>
> * * *
>
> (3)  The child has been removed from the home of the parent or guardian by order of a court for a period of six (6) months and:
>
> (A)  The conditions that led to the child's removal or other conditions that in all reasonable probability would cause the child to be subjected to further abuse or neglect and that, therefore, prevent the child's safe return to the care of the parent or parents or the guardian or guardians, still persist;
>
> (B)  There is little likelihood that these conditions will be remedied at an early date so that the child can be safely returned to the parent or parents or the guardian or guardians in the near future; and

(C)     The continuation of the parent or guardian and child relationship greatly diminishes the child's chances of early integration into a safe, stable and permanent home[.]

A prior court order adjudicating the Children to be dependent, neglected, or abused is an essential requirement of a court's termination of parental rights upon the ground of persistence of conditions. *See In re Audrey S.*, 182 S.W.3d at 874. As this Court explained, the statutory ground of persistence of conditions "applies as a ground for termination of parental rights only where the prior court order removing the child from the parent's home was based on a judicial finding of dependency, neglect, or abuse." *See id.* Recognizing that a court order changing or awarding custody of a minor child "does not necessarily imply" a finding of dependency, neglect, or abuse, the *Audrey S.* Court determined that the order changing custody was insufficient to support a finding of persistent conditions because it did not contain an explicit or implicit finding that the child was dependent, neglected or abused. *Id.* at 875-76. Because the record did not contain such a determination, the Court in *Audrey S.* determined that the trial court had erred by relying on the ground of persistence of conditions to terminate the parent's rights. *See id.*

Since the *In re Audrey S.* decision, this Court has consistently held that a court order adjudicating the child or children to be dependent, neglected, or abused is required to terminate a parent's rights on the statutory ground of persistence of conditions. *See, e.g., State, Dep't of Children's Servs. v. Hood*, 338 S.W.3d 917, 928 (Tenn. Ct. App. 2009) ("Because there was never a judicial finding of dependency, neglect or abuse, based on clear and convincing evidence, persistence of conditions under Tenn. Code Ann. § 36-1-113(g) cannot be a ground for termination of parental rights."); *In re Aiden R.*, No. E2015-01799-COA-R3-PT, 2016 WL 3564313, at *9 (Tenn. Ct. App. June 23, 2016) ("An essential prerequisite to establishing persistence of conditions is evidence of a 'prior court order removing the child from the parent's home . . . based on a judicial finding of dependency, neglect or abuse.'").

As in *In re Audrey S.*, the record before us contains no court order removing the Children from Mother's custody based on a finding of dependency, neglect, or abuse as required by Tennessee Code Annotated § 36-1-113(g)(3). We determine that in the absence of such a court order, the evidence presented at trial is insufficient to support a termination of Mother's parental rights on the statutory ground of persistence of conditions. Therefore, we reverse the trial court's determination regarding this ground. Because persistence of conditions was the only ground utilized by the trial court in terminating Mother's parental rights to the Children, we accordingly reverse the court's termination of Mother's parental rights. *See* Tenn. Code Ann. § 36-1-113(c)(1).

B. Grounds for Termination of Father's Parental Rights

Father argues that the trial court erred by finding that he had failed to establish parentage regarding Haley. Although Father has not appealed the trial court's determination that he abandoned Haley by failing to visit her, we also have considered this issue because of its importance. *See In re Carrington H.*, 483 S.W.3d at 523; *In re Arteria H.*, 326 S.W.3d 167, 184 (Tenn. Ct. App. 2010), *overruled on other grounds by In re Kaliyah S.*, 455 S.W.3d 533 (Tenn. 2015). Because the trial court failed to make sufficient findings of fact and conclusions of law pursuant to Tennessee Code Annotated § 36-1-113(k), we hereby vacate the trial court's determinations regarding these two statutory grounds as to Father.

Tennessee Code Annotated § 36-1-113(k) provides in pertinent part: "The court shall enter an order that makes specific findings of fact and conclusions of law within thirty (30) days of the conclusion of the hearing." Moreover, this Court has previously explained:

> Tennessee Code Annotated section 36-1-113(k) "explicitly requires courts terminating parental rights to enter an order which makes specific findings of fact and conclusions of law whether they have been requested to do so or not." *In re Audrey S.,* 182 S.W.3d at 861. "The findings of fact and conclusions of law required by Tenn. Code Ann. § 36-1-113(k) must address the two necessary elements of every termination case." *In re J.D.C.,* No. E2007-02371-COA-R3-PT, 2008 WL 1899987, at *8 (Tenn. Ct. App. Apr. 30, 2008). They must address whether one or more of the statutory grounds for termination have been established by clear and convincing evidence, and they must address whether terminating parental rights is in the child's best interest. *Id.* "[G]iven the importance of establishing the permanent placement of a child who is the subject of a termination of parental rights proceeding, the trial court should include in its final order findings of fact and conclusions of law with regard to each ground presented." *In re D.L.B.,* 118 S.W.3d 360, 367 (Tenn. 2003). "If the trial court addresses each ground that is raised in a termination proceeding, the child's permanent placement will not be unnecessarily delayed due to a remand for findings on alternate grounds." *Id.* In sum, "trial courts must prepare and file written findings of fact and conclusions of law with regard to every disposition of a petition to terminate parental rights, whether they have been requested or not."[FN] *In re K.N.R.,* No. M2003-01301-COA-R3-PT, 2003 WL 22999427, at *2 (Tenn. Ct. App. Dec. 23, 2003).

"Meticulous compliance with the mandates of Tenn. Code Ann. § 36-1-113(k) [is] required by appellate courts." *In re MEI,* No. E2004-02096-COA-R3-PT, 2005 WL 2346978, at *3 (Tenn. Ct. App. Sept. 26, 2005). "When a trial court has not complied with Tenn. Code Ann. § 36-1-113(k), we cannot simply review the record de novo and determine for ourselves where the preponderance of the evidence lies as we would in other civil, non-jury cases." *In re K.N.R.,* 2003 WL 22999427, at *3.

> A trial court's failure to comply with Tenn. Code Ann. § 36-1-113(k) affects more than the standard of appellate review. It affects the viability of the appeal. When a trial court fails to enter an order containing adequate findings of fact and conclusions of law with regard to all alleged grounds for termination, the Tennessee Supreme Court has instructed the appellate courts to remand the case to the trial court for the preparation of appropriate written findings of fact and conclusions of law. *In re D.L.B.,* [118 S.W.3d at 367].

*In re C.R.B.,* No. M2003-00345-COA-R3-JV, 2003 WL 22680911, at *4 (Tenn. Ct. App. Nov. 13, 2003) (footnote omitted).

[FN] Our Supreme Court has similarly instructed the Court of Appeals to review the trial court's findings of fact and conclusions of law as to each ground for termination, even though the statute only requires the finding of one ground to justify terminating parental rights, in order to further the policies of permanently placing children, reaching just and speedy resolutions of cases, and preventing unnecessary remands of cases heard by the Supreme Court. *In re Angela E.,* 303 S.W.3d 240, 251 n.14 (Tenn. 2010).

*In re Maria B.S.*, No. E2011-01784-COA-R3-PT, 2012 WL 1431244, at *2-3 (Tenn. Ct. App. Apr. 25, 2012).

In the case at bar, the trial court found as follows regarding the grounds for termination of Father's parental rights:

> As to Father, Michael [S.], the Court finds by clear and convincing evidence, that the ground of Abandonment by Incarcerated Parent does exist, as Father is incarcerated due to his own actions and due to his criminal activity, therefore, he willfully failed to visit with Haley. There was testimony that there have been some phone calls and letters exchanged, but this ground is found.

Further, the Court finds by clear and convincing evidence that Father, Michael [S.], failed to establish parentage, and this is a second ground for the termination of the parental rights of Father to Haley.

These findings of fact by the trial court are wholly insufficient to support the grounds for termination of Father's parental rights and are not in compliance with Tennessee Code Annotated § 36-1-113(k).

First, we address the trial court's termination of Father's parental rights on the basis that Father abandoned Haley due to his willful failure to visit her. Tennessee Code Annotated § 36-1-113(g)(4), as relevant to this issue, provides:

(g) Initiation of termination of parental or guardianship rights may be based upon any of the grounds listed in this subsection (g). The following grounds are cumulative and non-exclusive, so that listing conditions, acts or omissions in one ground does not prevent them from coming within another ground:

(1) Abandonment by the parent or guardian, as defined in § 36-1-102, has occurred[.]

Regarding the proper definition of abandonment to be applied, we note that because Grandparents' counter-petition to terminate the parents' parental rights is a separate action, this action commenced with the filing of Grandparents' petition on January 7, 2016. Father testified at trial that he had been incarcerated since 2011, which was prior to the filing of Grandparents' petition. Inasmuch as Father remained incarcerated at the time the petition was filed to terminate his parental rights, the definition of abandonment contained within Tennessee Code Annotated § 36-1-102(1)(A)(iv) applies.

The version of Tennessee Code Annotated § 36-1-102(1)(A)(iv) (2014) in effect at the time the petition was filed provided in pertinent part:

(iv) A parent or guardian is incarcerated at the time of the institution of an action or proceeding to declare a child to be an abandoned child, or the parent or guardian has been incarcerated during all or part of the four (4) months immediately preceding the institution of such action or proceeding, and either has willfully failed to visit or has willfully failed to support or has willfully failed to make reasonable payments toward the support of the child for four (4) consecutive months immediately preceding such parent's or guardian's incarceration . . . .

- 12 -

The trial court's findings of fact supporting its conclusion that Father abandoned Haley by willfully failing to visit her are not sufficient to support termination of Father's parental rights on this statutory ground. The trial court's findings are unclear as to the statutorily determinative period utilized by the court when finding that Father failed to visit Haley. As expressed, the trial court's findings could reasonably be interpreted to conclude that Father abandoned Haley by failing to visit her because of his incarceration due to his own actions and criminal activity. The proper statutorily determinative period, however, would be the four consecutive months immediately prior to Father's incarceration. This Court has previously held that a trial court's utilization of the incorrect determinative period when considering grounds of abandonment requires the appellate court to vacate the trial court's judgment on that ground and remand for findings regarding that issue. *See In re Travis H.*, No. E2016-02250-COA-R3-PT, 2017 WL 1843211, at *9 (Tenn. Ct. App. May 5, 2017), *perm. app. denied* (Tenn. July 31, 2017).

Simply put, the trial court's findings of fact are insufficient to support its finding that Father abandoned Haley by willfully failing to visit her during the statutorily determinative period preceding his incarceration. Therefore, we vacate the trial court's determination regarding the ground of abandonment. We remand this matter to the trial court for findings of fact and conclusions of law in compliance with Tennessee Code Annotated 36-1-113(k) regarding whether Father abandoned Haley by willfully failing to visit her during the four months prior to his incarceration. *See* Tenn. Code Ann. § 36-1-102(1)(A)(iv).

Additionally, the trial court terminated Father's parental rights on the ground that he had "failed to establish parentage." Father argues on appeal that the trial court erred by terminating his parental rights on this basis. Upon careful review, we also determine that the trial court's findings of fact are insufficient to support its conclusion that Father failed to establish parentage. Without a statutory citation, we presume that the trial court was referring to the ground for termination enumerated in Tennessee Code Annotated § 36-1-113(g)(9)(vi).

The version of Tennessee Code Annotated § 36-1-113(g) (2014) in effect when this action was commenced provided as follows regarding the ground of failure to establish parentage:

(9)(A) The parental rights of any person who, at the time of the filing of a petition to terminate the parental rights of such person or, if no such petition is filed, at the time of the filing of a petition to adopt a child, is not the legal parent or guardian of such child or who is described

- 13 -

in § 36-1-117(b) or (c)[5] may also be terminated based upon any one (1) or more of the following additional grounds: [6]

---

[5] Tennessee Code Annotated § 36-1-117 concerns service of process to parties for termination proceedings, particularly, as relevant here, to a putative father. Subsection -117(b) sets forth the rights of the putative father if a paternity petition has been filed, and subsection -117(c) sets forth the rights of a putative father who has not filed a paternity petition. As relevant to the definition of a putative father applicable to this action, the controlling version of subsection -117(c) (2014), cross-referenced in the applicable version of § 36-1-113(g)(9), provided:

> (c) The parental rights of the putative biological father of a child who has not filed a petition to establish paternity of the child or who has not established paternity of the child who is the subject of an adoption proceeding and who meets any of the following criteria shall be terminated by surrender, parental consent, termination of parental rights pursuant to § 36-1-113, or by waiver of interest, before the court may enter an order of adoption concerning that child:
>
> > (1) The biological father of a child has filed with the putative father registry, pursuant to § 36-2-318 a statement of an intent to claim paternity of the child at any time prior to or within thirty (30) days after the child's birth and has notified the registry of all address changes;
> >
> > (2) The biological father has been specifically identified to the petitioners or their attorney, or to the department, the licensed child-placing agency, or the licensed clinical social worker involved in the care, placement, supervision, or study of the child as the child's father by the child's biological mother in a sworn, written statement or by other information that the court determines to be credible and reliable;
> >
> > (3) The biological father has claimed to the child's biological mother, or to the petitioners or their attorney, or to the department, a licensed child-placing agency, or a licensed clinical social worker who or that is involved in the care, placement, supervision, or study of the child that the biological father believes that the biological father is the father of the child; provided, that if the biological father has previously notified the department of the biological father's claim to paternity of the child pursuant to the provisions of the putative father registry, § 36-2-318(e)(3), the biological father shall be subject to all the requirements for waiver of notice provisions of § 36-2-318(f)(2) and to all requirements for filing a paternity petition;
> >
> > (4) The biological father is recorded on the child's birth certificate as the father of the child; . . . .

Tenn. Code Ann § 36-1-117 (2014).

[6] Effective March 23, 2016, subsequent to the commencement of this action, the General Assembly amended Tennessee Code Annotated § 36-1-117(g)(9)(A) to omit the phrase, "is not the legal parent or guardian of such child or who is described in § 36-1-117(b) or (c)" and to replace it with "is the putative

- 14 -

* * *

> (vi)     The person has failed to file a petition to establish
> paternity of the child within thirty (30) days after
> notice of alleged paternity, by the child's mother, or as
> required in § 36-2-318(j), or after making a claim of
> paternity pursuant to § 36-1-117(c)(3); . . . .

The version of this statutory section in effect when the action at bar was commenced in January 2016, and thus controlling of this action, has been held to be inapplicable to putative biological fathers. *See In re Braxton M.*, 531 S.W.3d 708, 733-34 (Tenn. Ct. App. 2017) (noting, however, the effect of the March 2016 statutory amendment to apply -133(g)(9)(A) grounds to putative fathers). In its judgment, the trial court conclusively found that Father failed to establish parentage without determining Father's status as either a legal father or putative father. The trial court further failed to make any factual findings regarding the ground provided in Tennessee Code Annotated § 36-1-113(g)(9)(vi). We conclude that a broad finding by the trial court that Father failed to establish parentage is not sufficient for termination of Father's parental rights based on this statutory ground.

Having determined that the trial court failed to make sufficient findings of fact and conclusions of law in compliance with Tennessee Code Annotated § 36-1-113(k), we vacate the trial court's order regarding these two grounds and remand for the trial court to make appropriate findings of fact and conclusions of law. On remand when considering whether Father abandoned Haley pursuant to Tennessee Code Annotated §§ 36-1-113(g)(4) and 36-1-102(1)(A)(iv), the trial court shall make findings of fact regarding the statutorily determinative period and whether Father willingly failed to visit Haley during that time. The trial court shall also determine whether Tennessee Code Annotated § 36-1-113(g)(9)(vi) is applicable to Father under the version of the statute in effect when the instant action was commenced and make requisite findings of fact regarding that ground.

### C.  Incarceration Subject to a Ten-Year Sentence

Father contends on appeal that the trial court properly terminated his parental rights upon the statutory ground that he was incarcerated subject to a ten-year sentence imposed when Haley was under the age of eight. However, upon a thorough review of the trial court's judgment, we conclude that the trial court did not make findings of fact or

---

father of the child." *See* Tenn. Pub. Acts, Ch. 636 § 5 (S.B. 2531). This amendment does not affect our analysis on appeal.

- 15 -

conclusions of law concerning whether this ground had been established by the proof. Although the trial court did consider that Father had received a ten-year sentence when analyzing the best interest factors, the judgment is silent regarding termination of Father's parental rights by reason of this ground. We note that our Supreme Court has instructed that to prevent unnecessary delay, "the trial court should include in its final order findings of fact and conclusions of law with regard to each ground presented." *In re D.L.B.*, 118 S.W.3d 360, 367 (Tenn. 2003).

Regarding a parent who is incarcerated subject to at least a ten-year sentence, Tennessee Code Annotated § 36-1-113(6) (2017) provides the following termination ground:

> The parent has been confined in a correctional or detention facility of any type, by order of the court as a result of a criminal act, under a sentence of ten (10) or more years, and the child is under eight (8) years of age at the time the sentence is entered by the court[.]

Although Father apparently concedes the establishment of this statutory ground for purposes of termination of his parental rights, the trial court failed to make respective findings of fact. As a threshold requirement, we first address whether this ground was pled in Grandparents' petition. *See In re Tristyn K.*, No. E2010-00109-COA-R3-PT, 2010 WL 2867179, at *5 (Tenn. Ct. App. July 22, 2010) ("A trial court cannot terminate parental rights based on a ground that is not alleged in the complaint."). The purpose of requiring that specific grounds for termination of parental rights be pled in a petition is to ensure that the parent is given notice of the ground in order to prepare a defense. *See In re Jeremiah N.*, No. E2016-00371-COA-R3-PT, 2017 WL 1655612, at *8 (Tenn. Ct. App. May 2, 2017). Under the heading entitled, "Abandonment By Incarcerated Parent – Visitation," the petition reads: "[Father] has been confined in a correctional or detention facility under a sentence of ten or more years, and the child was under eight years of age at the time the sentence was entered by the court." Although Grandparents did not specifically cite the statute and included the allegation under an incorrect heading, we determine the above statement in the petition to be sufficient to have put Father on notice that Grandparents were seeking to terminate his parental rights on this specific statutory ground.

Even assuming, *arguendo*, that the petition was not sufficient to put Father on notice that Grandparents were seeking to terminate his parental rights on this basis, "'[a] ground for termination not included in the petition can be properly found if the ground was tried by implied consent.'" *See In re Alysia S.*, 460 S.W.3d 536, 564 (Tenn. Ct. App. 2014) (quoting *In re Johnny K.F.*, No. E2012-02700-COA-R3-PT, 2013 WL 4679269, at *8 (Tenn. Ct. App. Aug. 27, 2013)). In this matter, Father's counsel announced to the court at the beginning of trial:

Your Honor, on behalf of the father, we believe that a ground for termination does exist. Namely, his sentence of more than 10 years to incarceration.

Furthermore, we believe that his child is exactly where she needs to be. We would oppose any change in the child's placement at this time.

Father further testified without objection that he had been incarcerated since 2011, was sentenced in September of 2012, and was serving a fifteen-year sentence for especially aggravated robbery. On appeal, Father agrees that "the trial court did not err [by] finding grounds to terminate Father's parental rights based on his incarceration under a sentence of ten or more years." We therefore determine that Father consented to trying the ground for termination concerning whether he was incarcerated subject to at least a ten-year sentence imposed when Haley was under the age of eight.

Despite Father's consent to trying the ground concerning his ten-year sentence, the trial court failed to make requisite findings of fact and conclusions of law regarding the establishment of this ground. Although the trial court considered Father's criminal sentence of at least ten years in making its determination regarding the best interest of the Child, no express determination was made regarding its basis as a statutory ground for termination of Father's parental rights. Because we determine that Father was on notice of and consented to trying this ground for termination of his parental rights, we hereby remand for entry of requisite findings of fact and conclusions of law in compliance with Tennessee Code Annotated § 36-1-113(k).

## VI. Best Interest

Having reversed the trial court's determination of the ground of persistence of conditions relative to Mother, and with that being the sole ground found by the court to support termination of Mother's parental rights, we hereby vacate the trial court's further determination that termination of Mother's parental rights was in the Children's best interest. *See White v. Moody*, 171 S.W.3d 187, 192 (Tenn. Ct. App. 1994) ("The best interests of the child do not become the paramount consideration until the trial court has determined that the parent is unfit based on clear and convincing evidence of one or more of the grounds in Tenn. Code Ann. § 36-1-113(g)."). Moreover, because we have vacated the trial court's determinations regarding the statutory grounds that Father abandoned Haley by willfully failing to visit her and that Father failed to establish parentage, we also vacate the trial court's determination that termination of Father's parental rights is in Haley's best interest. *See id.*

## VII. Conclusion

For the reasons stated above, we reverse the portion of the trial court's judgment terminating Mother's parental rights. We vacate the portion of the trial court's judgment terminating Father's parental rights and remand to the trial court for entry of sufficient findings of fact and conclusions of law in compliance with Tennessee Code Annotated § 36-1-113(k) regarding the grounds for termination of his parental rights and whether termination of his parental rights would be in the best interest of Haley. We note that this decision does not affect the current custody of the Children. Costs on appeal are taxed to the appellees, Leroy W. and Tammie W.

_____
THOMAS R. FRIERSON, II, JUDGE